UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
                                                         :    21 Civ. 7785 (JPC)      21 Civ. 9514 (JPC)
                                                         :    21 Civ. 8501 (JPC)      21 Civ. 9516 (JPC)
In re:                                                   :    21 Civ. 8507 (JPC)      21 Civ. 9901 (JPC)
                                                         :    21 Civ. 8599 (JPC)      21 Civ. 10724 (JPC)
                                                         :    21 Civ. 9415 (JPC)      21 Civ. 10910 (JPC)
TRONOX INCORPORATED *et al.*                             :    21 Civ. 9418 (JPC)      22 Civ. 230 (JPC)
                                                         :    21 Civ. 9511 (JPC)
                                                         :
                                                         :                ORDER
-------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

On August 29, 2022, Appellee The Garretson Resolution Group, Inc., d/b/a Epiq Mass Tort, the Trustee of The Tronox Incorporated Tort Claims Trust (the "Trust"), filed a letter requesting that the thirteen (13) related bankruptcy appeals pending before the Court (the "Appeals") be consolidated. The Trust also advised that it "will file a single motion to dismiss a number of the Appeals in which the appellants did not file a timely notice of appeal" within fourteen days after the Court enters an order consolidating the Appeals. For any Appeals that remain after the Court's decision on the Trust's motion to dismiss, the Trust "suggest[ed] that a briefing schedule that follows the schedule found in Bankruptcy Rule 8018 is appropriate, i.e. 30 days for appellants' briefs, 30 days for a single appellee brief, and 14 days for any reply briefs."

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *see also* Fed R. Bankr. P. 8003(b)(2) (permitting the district court to "join or consolidate [bankruptcy] appeals"). "Consolidation is warranted where it promotes judicial economy and serves to eliminate . . . the danger of inconsistent verdicts." *KGK Jewelry LLC v. ESDNetwork*, Nos. 11 Civ. 9236 (LTS) (RLE), 12 Civ. 9130 (LTS) (RLE), 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014)

(internal quotation marks omitted). District courts have "broad discretion to consolidate actions under Rule 42(a)." *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Because these Appeals were consolidated before the Bankruptcy Court and because the Court finds that the Appeals involve common questions of law and fact, the Court concludes that consolidation would be in the interest of judicial economy.

Accordingly, the Court grants the Trust's request to consolidate the thirteen Appeals. The Court further grants the Trust's request to move to dismiss a number of the Appeals for failure to file a timely notice of appeal. The Trust shall file its moving brief by September 13, 2022; Appellants shall file their opposition briefs by September 30, 2022; the Trust shall file its reply, if any, by October 14, 2022. The Trust is further directed to serve its motion to dismiss papers on Appellants by mail.

The Clerk of Court is respectfully directed to consolidate the twelve Appeals listed below with and into the earliest filed Appeal, *Turner v. Tronox Incorporated*, No. 21 Civ. 7785 (JPC):

|    | Case Name | Case Number |
|----|-----------|-------------|
| 1. | *Perrins v. Tronox Incorporated* | 21 Civ. 8501 (JPC) |
| 2. | *Davis v. Tronox Incorporated* | 21 Civ. 8507 (JPC) |
| 3. | *Saddler v. Tronox Incorporated* | 21 Civ. 8599 (JPC) |
| 4. | *Williams v. Tronox Incorporated* | 21 Civ. 9415 (JPC) |
| 5. | *Williams v. Tronox Incorporated* | 21 Civ. 9418 (JPC) |
| 6. | *Porter v. Tronox Incorporated* | 21 Civ. 9511 (JPC) |
| 7. | *Porter v. Tronox Incorporated* | 21 Civ. 9514 (JPC) |
| 8. | *Lash v. Tronox Incorporated* | 21 Civ. 9516 (JPC) |

| 9.  | *Cotton v. Tronox Incorporated*      | 21 Civ. 9901 (JPC)  |
|-----|--------------------------------------|---------------------|
| 10. | *Morris v. Tronox Incorporated*      | 21 Civ. 10724 (JPC) |
| 11. | *Smith v. Tronox Incorporated*       | 21 Civ. 10910 (JPC) |
| 12. | *Carr-McCoy v. Tronox Incorporated*  | 22 Civ. 230 (JPC)   |

The Clerk of Court is further directed to mail a copy of this Order to *pro se* Appellants and note service on the docket.

SO ORDERED.

Dated: August 30, 2022
      New York, New York

                                                           JOHN P. CRONAN
                                         United States District Judge