UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X  21 Civ. 7785 (JPC) (CON)
                                                               :     21 Civ. 8501 (JPC)     21 Civ. 9514 (JPC)
*In re*:                                                       :     21 Civ. 8507 (JPC)     21 Civ. 9516 (JPC)
                                                               :     21 Civ. 8599 (JPC)     21 Civ. 9901 (JPC)
                                                               :     21 Civ. 9415 (JPC)     21 Civ. 10724 (JPC)
TRONOX INCORPORATED *et al.*                                   :     21 Civ. 9418 (JPC)     21 Civ. 10910 (JPC)
                                                               :     21 Civ. 9511 (JPC)     22 Civ. 230 (JPC)
                                                               :
-------------------------------------------------------------- X                   ORDER

JOHN P. CRONAN, United States District Judge:

      Before the Court is the motion of Appellee Garretson Resolution Group, Inc., d/b/a Epiq Mass Tort, the Trustee of The Tronox Incorporated Tort Claims Trust (the "Trust") to dismiss seven of the thirteen related bankruptcy appeals pending before the Court: *Brenda Williams v. Tronox Incorporated*, No. 21 Civ. 9415 (JPC); *Otis Williams v. Tronox Incorporated*, No. 21 Civ. 9418 (JPC); *Loria Porter v. Tronox Incorporated*, No. 21 Civ. 9511 (JPC); *Freddie Porter v. Tronox Incorporated*, No. 21 Civ. 9514 (JPC); *Lash v. Tronox Incorporated*, No. 21 Civ. 9516 (JPC); *Cotton v. Tronox Incorporated*, No. 21 Civ. 9901 (JPC); and *Morris v. Tronox Incorporated*, 21 Civ. 10724 (JPC) (the "MTD Appeals"; filed by the "MTD Appellants"). Dkt. 8.[1] The Trust asserts that each of the seven MTD Appeals must be "summarily dismissed by the Court because the Court does not have [subject matter] jurisdiction to consider these appeals." *Id.* at 4. Although no MTD Appellant has opposed the Trust's motion, the Court still has reviewed the record to determine whether dismissal is appropriate. *See Nachshen v. 53-55 W. 21st Owner LLC*, No. 19 Civ. 1903 (RA), 2022 WL 704782, at *1 (S.D.N.Y. Mar. 9, 2022) ("[E]ven when presented with an unopposed motion to dismiss, the Court may not find for the moving party without reviewing the record and

---

[1] "Dkt." citations refer to the consolidated docket before this Court in the consolidated case, *In re: Tronox Incorporated*, No. 21 Civ. 7785 (JPC) (S.D.N.Y.). "Bankr. Dkt." citations refer to the underlying bankruptcy docket, *In re: Tronox Incorporated*, No. 09-10156 (MEW) (Bankr. S.D.N.Y.).

determining whether there is sufficient support for granting the motion." (internal quotation marks omitted)).

The bankruptcy proceedings relevant to these appeals commenced on January 12, 2009 when Tronox Incorporated filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Bankr. Dkt. 1. After setting a "bar date"—*i.e.*, a deadline for the filing of proofs of claim—of August 12, 2009, Bankr. Dkt. 466 ¶ 3, the Bankruptcy Court confirmed a reorganization plan on November 30, 2010, Bankr. Dkt. 2567.  Among other things, the reorganization plan established the Trust for the payment of tort claims, with the Trust governed by a Tort Claims Trust Agreement and by Tort Claims Trust Distribution Procedures.  Bankr. Dkt. 2567-1 art. IV(C)(4).  Under the reorganization plan and the Tort Claims Trust Agreement, allowed tort claims are divided into several categories, *id.* art. III(B)(4)(b), with over 80% of the total amount allocated to the Trust devoted for distribution to the holders of tort claims that were timely filed prior to the bar date, *id.* art. III(B)(4)(b)(iv), as well as 6.25% of the Trust's assets set aside for the holders of "future" tort claims, *id.* art. III(B)(4)(b)(ii).  Following a motion for instructions regarding future tort claims, the Bankruptcy Court issued an order on December 14, 2016 holding that a claim qualifies as a future tort claim if it does not fall into another category of tort claims and either (1) the claim is based on alleged exposure to a harmful substance that occurred on or after August 12, 2009; (2) the claim is based on an exposure that occurred before August 12, 2009, but as to which no injury or disease manifested until on or after August 12, 2009; or (3) the exposure, as well as the manifestation of an injury or disease, predated August 12, 2009, but the claimant establishes either that their failure to file a timely proof of claim was excusable neglect or that the purported discharge of the claim would violate due process and therefore be ineffective.  Bankr. Dkt. 3268 at 1-2.

As the Bankruptcy Court explained, the primary source of funding for the Trust was potential proceeds from a fraudulent transfer litigation that was still pending in 2010, and so at the time the plan was confirmed, it was unclear whether any claimant would receive significant recoveries for his or her injuries. Bankr. Dkt. 9498 at 2. That fraudulent transfer litigation, however, was resolved successfully in the Trust's favor, and "resulted in the infusion of more than $600 million to the Tort Claims Trust" in 2015. *Id.* This in turn led to a massive proliferation of new tort claimants seeking a share of the Trust's funds. *Id.* at 2-3. Indeed, the seven MTD Appeals arise from a mere fraction of the over 38,000 new claims that were filed after the resolution of the fraudulent transfer litigation. *Id.*; *see* Bankr. Dkts. 3630, 3692, 5068, 6557, 7388, 7406, 7410 (motions to approve future tort claims filed by the MTD Appellants).

On March 10, 2021, the Bankruptcy Court issued its decision with respect to over 4,000 purported future tort claims, which included denial of the MTD Appellants' motions to file future tort claims. Bankr. Dkt. 9498; *see also* Bankr. Dkt. 9498-1 at 84, 97, 739, 928, 930; Bankr. Dkt. 9498-2 at 507, 798. The Bankruptcy Court delayed entry of its March 10, 2021 order to hear from the Trust as to the most efficient means of serving notice of its decision and making the decision available to the individual movants. Bankr. Dkt. 9498 at 81. Given "the enormous logistical challenges" presented by providing notice to those movants, the Bankruptcy Court then prescribed special procedures for the Trust's provision of notice to the movants, which included requiring the Trust to post copies of the decision, along with copies of the orders that relate to particular movants, on the Trust's website, and also directing the Trust to prepare and mail notices to the movants by July 9, 2021. Bankr. Dkt. 9502. Those notices made clear that the Bankruptcy Court would enter its final order denying motions to approve future tort claims on July 16, 2021 and that "THE DEADLINE FOR THE FILING OF ANY NOTICE OF APPEAL WILL BE JULY 30, 2021."

Bankr. Dkt. 9502-2.  In accordance with these procedures, the Trust notified the MTD Appellants on July 9, 2021, and the Bankruptcy Court entered its final orders rejecting the claims on July 16, 2021.  *See* Bankr. Dkts. 9506, 9507, 9534.  However, each of the MTD Appellants filed his or her notice of appeal on August 2, 2021.  *See* Bankr. Dkts. 9549, 9550, 9559, 9560, 9561, 9568, 9582.

Federal Rule of Bankruptcy Procedure 8002(a)(1) states that to appeal a decision of the Bankruptcy Court, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  In this Circuit, "the time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  *Simeon v. Emigrant Sav. Bank* (*In re Siemon*), 421 F.3d 167, 169 (2d Cir. 2005) (per curiam).  "Timeliness is determined by receipt," *SBC Retirees Grp. v. Geron* (*In re Affirmative Equities Co., L.P.*), No. 15 Civ. 2648 (CM), 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015), and "the filing date of a notice of appeal is the date the clerk receives it, not the date it is [signed or] mailed," *Petite-El v. WorldCom, Inc.*, No. 05 Civ. 3179 (PAC), 2006 WL 27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (alterations and internal quotation marks omitted).  This bright-line rule applies with equal force to *pro se* litigants.  *See Ivers v. Ciena Cap. LLC* (*In re Ciena Cap. LLC*), No. 15 Civ. 7993 (RA), 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016).

Here, the Bankruptcy Court entered its order rejecting the MTD Appellants' motions on July 16, 2021.  *See* Bankr. Dkt. 9506.  Pursuant to Rule 8002(a), the deadline to file a notice of appeal was therefore July 30, 2021, and each of the MTD Appellants was served with explicit notice of that deadline on July 9, 2021.  *See* Bankr. Dkt. 9502.  Yet each notice of appeal was filed on August 2, 2021—three days after the deadline.  *See* Bankr. Dkts. 9549, 9550, 9559, 9560, 9561, 9568, 9582.  Even if these notices of appeal were mailed to the Bankruptcy Court Clerk before the

July 30 deadline, the notices are only deemed "filed" on the date that they are actually received by the Bankruptcy Court Clerk. *See Ivers*, 2016 WL 1562943, at *2; *see also Moreno-Cuevas v. Towm Sports Int'l* (*In re Town Sports Int'l*), No. 21 Civ. 458 (MN), 2021 WL 3793899, at *3 (D. Del. Aug. 26, 2021). That date was August 2, 2021. Because these appeals are untimely, the Court lacks subject matter jurisdiction to consider their merits.

The timeliness rule "may seem draconian, especially in the context of *pro se* appellants who file their notices of appeal close to, but nonetheless after, the deadline. Yet district courts routinely dismiss bankruptcy appeals filed in just those circumstances." *Ivers*, 2016 WL 1562943, at *1 (collecting cases). So here too, because the MTD Appeals were initiated more than fourteen days after the entry of the relevant orders of the Bankruptcy Court, the Court lacks jurisdiction and dismisses these appeals.

Accordingly, the Trust's motion to dismiss the MTD Appeals as untimely is granted. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 8, *In re: Tronox Incorporated*, No. 21 Civ. 7785 (JPC), and to enter this Order in the following seven actions and also to terminate those actions: *Brenda Williams v. Tronox Incorporated*, No. 21 Civ. 9415 (JPC); *Otis Williams v. Tronox Incorporated*, No. 21 Civ. 9418 (JPC); *Loria Porter v. Tronox Incorporated*, No. 21 Civ. 9511 (JPC); *Freddie Porter v. Tronox Incorporated*, No. 21 Civ. 9514 (JPC); *Lash v. Tronox Incorporated*, No. 21 Civ. 9516 (JPC); *Cotton v. Tronox Incorporated*, No. 21 Civ. 9901 (JPC); and *Morris v. Tronox Incorporated*, 21 Civ. 10724 (JPC).

SO ORDERED.

Dated: December 20, 2022
New York, New York

JOHN P. CRONAN
United States District Judge