UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :   21 Civ. 7785 (JPC) (L)
*In re*:                                                             :   21 Civ. 8501 (JPC)
                                                                     :   21 Civ. 8507 (JPC)
                                                                     :   21 Civ. 8599 (JPC)
                                                                     :   21 Civ. 10910 (JPC)
TRONOX INCORPORATED *et al.*                                         :   22 Civ. 230 (JPC)
                                                                     :
                                                                     :   MEMORANDUM AND
-------------------------------------------------------------------- X   ORDER

JOHN P. CRONAN, United States District Judge:

Before the Court are the consolidated appeals from a decision of the United States Bankruptcy Court for the Southern District of New York (Michael E. Wiles, J.), denying the motions of Appellants Joan Turner, Eleanor and Raymond Perrins, Rena Davis-Beal, Manuel Saddler, Verda Carr-McCoy, and Alfonza Smith for permission to file "Future Tort Claims" against Appellee Garretson Resolution Group, Inc., d/b/a Epiq Mass Tort, the Trustee of The Tronox Incorporated Tort Claims Trust (the "Trust") and for relief from the 2009 claims bar date in the underlying Tronox bankruptcy. *See* Bankr. Dkts. 9498 ("Decision"), 9502-07.[1] For the reasons discussed, all but one of the appeals are dismissed for lack of prosecution, and alternatively, the Decision of the Bankruptcy Court is affirmed on the merits as to all of the appeals.

## I. Background

The bankruptcy proceedings relevant to these appeals commenced on January 12, 2009 when Tronox Incorporated filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Bankr. Dkt. 1. After setting a "bar date"—*i.e.*, a deadline for the filing of

---

[1] "Bankr. Dkt." citations refer to the underlying bankruptcy docket, *In re: Tronox Incorporated*, No. 09-10156 (MEW) (Bankr. S.D.N.Y.). "Dkt." citations refer to the consolidated docket before this Court in the consolidated case, *In re: Tronox Incorporated*, No. 21 Civ. 7785 (JPC) (S.D.N.Y.).

proofs of claim—of August 12, 2009, Bankr. Dkt. 466 ¶ 3, the Bankruptcy Court confirmed a reorganization plan on November 30, 2010, Bankr. Dkt. 2567.  Among other things, the reorganization plan established the Trust for the payment of tort claims, with the Trust governed by the Tort Claims Trust Agreement and by the Tort Claims Trust Distribution Procedures.  Bankr. Dkt. 2567-1 art. IV(C)(4).  Under the reorganization plan and the Tort Claims Trust Agreement, allowed tort claims are divided into several categories, *id.* art. III(B)(4)(b), with over 80% of the total amount allocated to the Trust devoted for distribution to the holders of tort claims that were timely filed prior to the bar date, *id.* art. III(B)(4)(b)(iv), as well as 6.25% of the Trust's assets set aside for the holders of "future" tort claims, *id.* art. III(B)(4)(b)(ii).  Following a motion for instructions regarding future tort claims, the Bankruptcy Court issued an order on December 14, 2016 holding that a claim qualifies as a future tort claim if it does not fall into another category of tort claims and either (1) the claim is based on alleged exposure to a harmful substance that occurred on or after August 12, 2009; (2) the claim is based on an exposure that occurred before August 12, 2009, but as to which no injury or disease manifested until on or after August 12, 2009; or (3) the exposure, as well as the manifestation of an injury or disease, predated August 12, 2009, but the claimant establishes either that their failure to file a timely proof of claim was due to excusable neglect or that the purported discharge of the claim would violate due process and therefore be ineffective.  Bankr. Dkt. 3268 at 1-2.

      As explained in the Decision of the Bankruptcy Court, the primary source of funding for the Trust was potential proceeds from a fraudulent transfer litigation that was still pending in 2010, and so at the time the plan was confirmed, it was unclear whether any claimant would receive significant recoveries for his or her injuries.  Decision at 2.  That fraudulent transfer litigation, however, was resolved successfully in the Trust's favor, and "resulted in the infusion of more than

$600 million to the Tort Claims Trust" in 2015.  *Id.*  This in turn led to a massive proliferation of new tort claimants seeking a share of the Trust's funds.  *Id.* at 2-3.  Indeed, these six appeals arise from a mere fraction of the over 38,000 new claims that were filed after the resolution of the fraudulent transfer litigation.  *Id.*; *see* Bankr. Dkts. 3752 & 8331, 5691 & 6732, 6229 & 8120, 7094 & 8186, 7420 & 8094, 7422 & 8097, 8424 (motions to approve future tort claims filed by the Appellants).

On March 10, 2021, the Bankruptcy Court issued its Decision with respect to 4,676 purported future tort claims, which included denial of the Appellants' motions to file future tort claims.  Bankr. Dkt. 9498; *see also* Bankr. Dkt. 9498-1 ("Table") at 463, 2319, 2832, 3940-41, 3665, 4573.[2]  The Bankruptcy Court sorted each claim into five categories:

| | |
|---|---|
| Group A | Claims were barred by statute of limitations prior to Tronox bankruptcy |
| Group B | Claimant failed to show grounds for relief as to pre-bar date claims |
| Group C | Motion filed after 90-day deadline set by the court. |
| Group D | No grounds for relief as to pre-bar date claims, Trust to resolve other issues. |
| Group E | Alleges infancy, movant to have opportunity to file supplemental proof. |

Table at p.1 ("Legend").  The Bankruptcy Court then created a 1,123-page chart to provide "comments and explanations" for its ruling on each of the 4,676 motions.  *Id.*

The Bankruptcy Court categorized Appellants Joan Turner (No. 21 Civ. 7785) and Eleanor and Raymond Perrins (No. 21 Civ. 8501) in Group B, and reasoned, *inter alia*, that the "[r]isks of creosote exposure and filings of claims based on the same were the subjects of widespread publicity in the relevant areas . . . starting before 2000," and that while alleging "lack of actual knowledge," they made "no showing as to other relevant factors (including diligence in

---

[2] Pincites to the Table refer to row numbers, unless otherwise noted.

3

investigation and pursuit of claims and legal rights, reason why filed so long after bar date)," and thus concluded that there is no "sufficient" basis "for relief based on excusable neglect." *Id.* at 2319 (Turner); *see also id.* at 3940-41 (Eleanor and Raymond Perrins) (same, except finding that widespread publicity in the relevant area started in 2001). The Bankruptcy Court categorized Appellants Rena Davis-Beal (No. 21 Civ. 8507), Manuel Saddler (No. 21 Civ. 8599), and Verda Carr-McCoy (No. 22 Civ. 230) in Groups A and B. In addition to these Appellants failing to show excusable neglect by making "no showing [other than lack of actual knowledge] as to . . . relevant factors (including diligence in investigation and pursuit of claims and legal rights, [and] reason why filed so long after bar date)," these claims were also "time-barred under the applicable statute of limitations before Tronox bankruptcy filing." *See id.* at 463 (Saddler), 3665 (Davis-Beal), 4573 (Carr-McCoy). Finally, the Bankruptcy Court sorted Appellant Alfonza Smith (No. 21 Civ. 10910) into Groups B and D, reasoning:

> Appears that he filed an original application with earlier dates for a diagnosis and now is saying that was all a mistake that he was only referring to symptoms decades before the bar date but his "official" diagnosis was not until after the bar date. However, claimant also mentions trying to file a claim in 2002. A supplement filed at docket #8120, says diagnosis for palpitations after bar date. Alleges lack of actual knowledge but no showing as to other relevant factors (including diligence in investigation and pursuit of claims and legal rights, reason why filed so long after bar date), not sufficient for relief as to pre-bar date diagnoses. Merits of any claim alleging conditions first diagnosed after the bar date are to be resolved by the Tort Claims Trust under its dispute resolution procedures.

*Id.* at 2832.

The Appellants timely filed notices of appeal on or before July 30, 2021. *See* Bankr. Dkts. 9516, 9535-36, 9544, 9591, 9872. On August 17, 2022, after no action was taken by any of the parties, the Court ordered the Trust to file a status letter addressing whether the appeals should be consolidated. Dkt. 3. Following a request from the Trust, the Court consolidated the appeals on August 30, 2022. Dkt. 5. On December 20, 2022, with still no action taken by the Appellants, the

4

Court ordered the Appellants to file briefs by January 19, 2023. Dkt 11. After that deadline passed without any of the Appellants filing briefs in support of their appeals, the Court extended *sua sponte* the Appellants' time to file their lead briefs until January 26, 2023. Dkt. 12. In that extension Order, the Court warned that "further failure to comply with the Court's deadlines, including by failing to file their lead briefs by January 26, 2023, may result in an order dismissing their appeals for failure to prosecute." *Id.* Following that Order, only Appellant Alfonza Smith filed a brief in support of his appeal. Dkt. 14 ("Smith Brief").[3] In that filing, Smith details the series of hardships he has faced throughout his life, and asks the Court "for a favorable ruling and [to] allow all of [his] diagnos[e]s before 2009 and after [to] be sent back to Tronox for expectances and evaluation." *Id.* at 1-3. The Trust filed its response brief on February 27, 2023. Dkt. 15.

## II. Legal Standard

District courts exercise appellate jurisdiction to review "final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). The Court "review[s] the Bankruptcy Court's findings of fact for clear error" and "its conclusions of law *de novo*." *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "Mixed questions of fact and law are subject to *de novo* review." *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003); *see also In re AMR Corp.*, No. 18 Civ. 6149 (RA), 2022 WL 1556398, at *5 (S.D.N.Y. May 16, 2022). "The Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010). However, "the district court may not consider evidence outside the record." *In*

---

[3] While the Court granted Appellants Eleanor and Raymond Perrins's request for an extension of time to file a brief in support of their appeal, adjourning their deadline to March 13, 2023, *see* Order, *Perrins v. Tronox Inc.*, No. 21 Civ. 8501 (S.D.N.Y. Feb. 28, 2023), Dkt. 15, the Perrins Appellants failed to make any submission.

5

re Campbell, 539 B.R. 66, 72 (S.D.N.Y. 2015). "Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal." *Id.* Finally, the rule that "pleadings by *pro se* litigants 'must be construed liberally' and read 'to raise the strongest arguments that they suggest'" applies with equal force in the context of an appeal from the Bankruptcy Court. *In re AMR*, 2022 WL 1556398, at *5 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

### III.  Discussion

**A.  Failure to Prosecute**

Federal Rule of Bankruptcy Procedure 8018(a)(4) states that "[i]f an appellant fails to file a brief on time . . . the district court . . . after notice, may dismiss the appeal on its own motion." While this "time limitation[] . . . [is] not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet" it, "the court should exercise discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1986); *see also In re Residential Cap., LLC*, No. 16 Civ. 8549 (GHW), 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016). "Courts in this District have dismissed appeals for an appellant's complete failure to file a brief, as opposed to a late filing." *In re Futterman*, No. 99 Civ. 8793 (DAB), 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001). "This is so even if the appellant appears *pro se*." *In re Vega*, No. 93 Civ. 83 (LLS), 1995 WL 254368, at *2 (S.D.N.Y. May 1, 1995); *see, e.g.*, *In re Negosh*, No. 09 Civ. 1479 (JS), 2010 WL 1260155, at *2 (E.D.N.Y. Mar. 30, 2010); *Babcock v. Philp*, No. 08 Civ. 1158 (JFB), 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008); *In re Truong*, 388 B.R. 43, 45-46 (S.D.N.Y. 2008); *In re Enron Corp.*, 364 B.R. 482, 486-88 (S.D.N.Y. 2007); *In re Bucurescu*, No. 04 Civ. 3545 (MGC), 2004 WL 2296326, at

*1-2 (S.D.N.Y. Oct. 13, 2004); *In re Bucurescu*, No. 01 Civ. 2799 (SHS), 2003 WL 21297282, at *3-4 (S.D.N.Y June 4, 2003).

In this case, Appellants Turner, Davis-Beal, Saddler, and Carr-McCoy have not given any indication, apart from filing their notices of appeal with the Bankruptcy Court, of an intent to prosecute.  In fact, after no lead briefs were filed and the Court set a briefing schedule, none of these five Appellants responded, even after the Court extended their deadline *sua sponte*, warned that failure to file a brief could result in dismissal for failure to prosecute, and directed the Trust to mail copies of its Order to each Appellant.  Dkt. 12.  As to Appellants Eleanor and Raymond Perrins, while they did admittedly file a docket notation requesting an extension of time to file a brief, *see* Jan. 30, 2023 Docket Notation, *Perrins v. Tronox Inc.*, No. 21 Civ. 8501 (JPC) (S.D.N.Y.), the Court granted the request until March 13, 2023, *id.*, Dkt. 15, yet they still failed to file a brief.  While the Perrins Appellants claimed in asking for that extension that they "did not receive anything about briefs needed until" the Court's *sua sponte* extension Order, they clearly now are on notice of this matter and the extended March 13, 2023 deadline, so there is no excuse for the failure to file a brief.  *See In re Futterman*, 2001 WL 282716, at *3 (reasoning that while "an appellant's failure to receive notice of the docketing of the record on appeal may constitute excusable neglect[,] . . . this argument no longer applies once the appellant learns of the docketing"); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."). Accordingly, the Court finds that Appellants Turner, Raymond and Eleanor Perrins, Davis-Beal, Saddler, and Carr-McCoy have failed to prosecute their bankruptcy appeals.  Those appeals are therefore dismissed for failure to prosecute.

**B.      Merits**

Notwithstanding these dismissals for failure to prosecute, the Court has conducted a *de novo* review of the Decision of the Bankruptcy Court and finds it to be well reasoned and its conclusions well founded.  The Bankruptcy Court issued a 100-page Decision detailing the many reasons for denying the Appellants' claims.  The Bankruptcy Court took time to provide a description of the bankruptcy process "[f]or the benefits of the movants (many of whom have proceeded without counsel)," and explained the significance of the bar date, and why such a concept is so crucial in the context of Chapter 11.  Decision at 11-13.  The Bankruptcy Court then explained that, while Bankruptcy Rule 3003(c)(2) "states that a creditor who fails to file a proof of claim before the bar date 'shall not be treated as a creditor with respect to such claim for the purpose of voting or distribution,'" Bankruptcy Rule 9006 permits the court to "extend the deadline after the fact . . . 'where the failure to act was the result of excusable neglect.'"  *Id.* at 50-51.  However, as also explained by the Bankruptcy Court, "[t]he Second Circuit Court of Appeals has taken a 'hard line' in applying the" relevant test to determine excusable neglect, and so under Second Circuit precedent, "most of the pending motions do not qualify for relief on grounds of excusable neglect."  *Id.* at 52 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)).

The Bankruptcy Court went through several compelling and legally sound reasons as to why general categories of movants had failed to demonstrate excusable neglect.  As relevant to the instant appeals, the Bankruptcy Court noted that many of the late-filed claims were filed in late 2015 or after, and that the rule "in this Circuit [is] that a 'presumption of prejudice is particularly appropriate where . . . the plaintiff's delay was prolonged.'"  *Id.* at 54-55 (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)).  The Bankruptcy Court also rejected several common

reasons for delayed filing, such as lack of knowledge/failures to investigate, failure to act promptly after discovery, mistakes as to legal rights, and allegedly short notices and busy schedules. *Id.* 58-69. While the Bankruptcy Court found many of the claimants' stories emotionally compelling, it correctly noted that "[g]iven the long delays, the prejudice to other claimants, and the effects that the allowance of late claims would have on the process, movants bear a particularly strong burden of showing reasons for their delays." *Id.* at 58. It then proceeded to analyze each motion individually, including those of the Appellants, and found that none of the Appellants demonstrated excusable neglect. *See* Table.

In particular, the Court finds that the Bankruptcy Court did not err in its Decision with respect to Alfonza Smith—the lone Appellant who briefed an appeal before this Court. Smith's claim was filed with the Bankruptcy Court on October 3, 2017—over eight years after the bar date. Bankr. Dkt. 6229. Smith failed to respond to most of the questions on the motion form, instead answering "Please see Injury Table" or referring the Court to a "letter," neither of which were attached to his motion. *Id.* However, the motion indicates that Smith "attempted in 2002" to file a claim against Tronox. *Id.* at 1-2. On May 21, 2018, Smith filed a supplemental letter noting that while he "came in contact with toxins before" the bar date," he "was diagnosed with Heart Palpitations after." Bankr. Dkt. 8120; *see also id.* ("I was not officially diagnosed with Heart Palpitations until 2010-2015 . . . ."). Based on this information, the Bankruptcy Court concluded that Smith failed to show grounds for relief as to any pre-bar date claims, reasoning that Smith failed to show any relevant factors to demonstrate excusable neglect beyond lack of actual knowledge, such as "diligence in investigation and pursuit of claims and legal rights, [and] reason why filed so long after [the] bar date." Table at 2832. However, the Bankruptcy Court ordered

9

that all other issues relating to Smith's alleged post-bar date claims be resolved by the Trust pursuant to its dispute resolution procedures. *Id.*

On appeal to this Court, Smith does not raise any arguments as to why these holdings were in error. While Smith's brief provides significantly more information as to Smith's life story and the hardships he has faced, the Court may not consider any arguments or evidence not raised before the Bankruptcy Court. *See In re Campbell*, 539 B.R. at 72. But even if it could, the Court finds that the Bankruptcy Court addressed sufficiently similar arguments in its Decision, concluding that none were sufficient to constitute excusable neglect in light of the significant prejudice to those claimants who filed their claims before the bar date and the length of time between the bar date and Smith's claims. *See* Decision at 58-69, 80.

Accordingly, the Court finds that the Bankruptcy Court did not err in denying relief to Smith or any of the Appellants.

### IV.  Conclusion

For the reasons discussed, the Decision of the Bankruptcy Court is affirmed. The Clerk of Court is respectfully directed to docket this Order in each of the six above captioned cases, to mail a copy of this Order to each of the Appellants, and to close the above-captioned cases.

SO ORDERED.

Dated: March 31, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge